# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ERIC GACHUCHA ANDIKA, #1292358, Petitioner, vs. T. HANES, Warden, et al., Respondents. | ) ) ) ) ) No. 3:16-CV-3194-B (BH) ) ) Referred to U.S. Magistrate Judge ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit Court of Appeals as a successive petition.

## I. BACKGROUND

Eric Gachucha Andika (Petitioner) was convicted of escape on August 30, 2004, in Cause No. 29543 in the 13th Judicial District Court of Navarro County, Texas, and sentenced to 45 years' imprisonment. (Docs. 3 at 2; 15-1 at 3.) He unsuccessfully challenged that conviction through a 2010 federal habeas petition that was denied on February 8, 2011. *See Andika v. Thaler*, No. 3:10-CV-2428-K (N.D. Tex. Feb. 8, 2011). He now challenges, under 28 U.S.C. § 2254, a 2007 disciplinary case brought against him while serving his sentence and his confinement in administrative segregation for 11 years based on a high profile designation. (Doc. 3).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment"). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges his confinement under the same conviction he challenged in a prior federal petition that was denied on its merits. A challenge to a disciplinary proceeding is considered to be a challenge to the execution of the sentence for the underlying state conviction.

2

*Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009). In *Propes*, the Fifth Circuit Court of Appeals explained that "[t]here is one judgment that has placed Propes in prison. Included within the results of that judgment are disciplinary proceedings that occur while he is subject to the conviction." Consequently, a challenge to a conviction is successive where the petitioner previously challenged a disciplinary action regarding his sentence for that underlying conviction. *Propes*, 573 F.3d at 230. Similarly, in *Crone*, the Fifth Circuit Court of Appeals held that a challenge to an administrative action regarding time credits was successive where the petitioner previously challenged his confinement under the state conviction and judgment and the time credit claim was available when he filed his previous federal petition. *Crone*, 324 F.3d at 837-38. Although *Crone* involved a challenge to petitioner's judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction."

Petitioner was required to present all available claims in his first petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims regarding his disciplinary action and confinement in administrative segregation that were or could have been raised in his initial federal petition that challenged his conviction. *See*

3

*Crone*, 324 F.3d at 837-38. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

### III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 14th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE